FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 28 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
Delta Division

**VALERO MARKETING AND SUPPPLY CO,**

**Plaintiff,**

**v.**

**Civil Action No.:** 2:26-CV-137-BSM
**Jury Demanded**

**US FUEL LLC,**
**SILVER GUARD, LLC,**
**EVERLAST PROPERTY, LLC,**
**Sulaiman Hudda,**
**Naveen Hudda, and**
**Harpreet Singh.**

**Defendants.**

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND INJUNCTIVE RELIEF

Plaintiff, Valero Marketing and Supply Company ("Valero") by and through its undersigned attorneys, hereby brings the following action against Defendants US Fuel LLC ("US Fuel"); Silver Guard, LLC; Everlast Property, LLC; Sulaiman Hudda; Naveen Hudda; and, Harpreet Singh, and would show as follows:

### NATURE OF THE ACTION

1. This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* for infringement of federally registered trademarks in violation of 15 U.S.C. §1114;

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

infringement and for false descriptions and representations, false designation of origin, and unfair competition in violation of 15 U.S.C. §1125(a); trademark infringement under state law: and, for related claims of unfair competition and trademark infringement in violation of Valero's rights at common law.

2. Plaintiff, Valero is a for profit Delaware corporation authorized to do business in the state of Arkansas, with its registered agent for service of process located in Little Rock, Arkansas.

3. Upon information and belief Defendant US Fuel LLC is a limited liability company whose principal address is 902 N. Buerkle Street, Stuttgart, Arkansas. Its registered agent for service of process is Harpreet Singh (hereinafter "Singh") who is also the operator individually or through US Fuel, of the fuel station at that location. US Fuel through its agent for service of process , Singh, and Singh individually can be served at 902 Buerkle St. in Stuttgart or wherever he can be found.

4. Upon information and belief Defendant Everlast Property, LLC is a limited liability company whose principal address is or was 902 North Buerkle Street, Stuttgart, AR 721690. Its registered agent is Sulaiman Hudda who can be served at 902 Buerkle St. in Stuttgart or wherever he can be found.

5. Defendant, Everlast Property, LLC's organization documentation was filed with the Arkansas Secretary of State on or about August 10, 2021.

6. The organizers/incorporators of Everlast Property, LLC were Rahim Juma and Sulaiman Hudda.

7. Upon information and belief, an operator, pursuant to a Branded Distributor Marketing Agreement ("DMA") with Valero, previously received and sold Valero fuel at 902 N. Buerkle St., Stuttgart, Arkansas location.

8. As part of that DMA, the operator would have been allowed to use and display Valero trademarks.

9. The DMA by which that operator received fuel and the right to display Valero trademarks no longer exists for the 902 N. Buerkle St., Stuttgart, Arkansas location.

10. After the DMA by which the previous operator had the right to sell Valero fuel and display Valero trademarks ended, Valero contacted Everlast Property LLC, owner of the property located at 902 N. Buerkle, Street, offering it the option to enter into a new DMA or, alternatively, to allow Valero to enter the property and, at the sole expense of Valero, to remove Valero trademarks and branding.

11. Defendant Everlast Property, LLC failed to respond to Valero's request and continued, without right or permission to use the Valero trademarks while selling non-Valero fuel.

12. Upon information and belief on or about February 8, 2025, after Everlast Property, LLC received notice from Valero that its continued use of the Valero marks in

the absence of an agreement to do so was unauthorized, at least one of the organizers of Everlast Property, LLC, Naveen Sulaiman Hudda, created a new limited liability company, entitled Silver Guard LLC, to continue the unauthorized and misleading use of Valero trademarks, to sell non-Valero fuel at the 902 N. Buerkle St., Stuttgart, Arkansas location.

13. Upon information and belief Defendant Silver Guard LLC is a limited liability company whose principal address is or was 902 N. Buerkle Street, Stuttgart, AR 72160. Its registered agent is Naveen Hudda who can be served at 902 N. Buerkle Street in Stuttgart.

14. Counsel for Defendant sent a letter Naveen Hudda, Naveen Sulaiman Hudda and Sulaiman Hudda, all of whom were and are believed to be the same person, as agents and/or owners of Silver Guard LLC demanding the cessation of the unlawful use of Valero trademarks.

15. On or about October 23, 2025, US Fuel, LLC a new limited liability company filed its charter with the Arkansas Secretary of State. That entity and/or Singh then commenced selling non-Valero gas at the 902 Buerkle St. location. US Fuel LLC and/or Singh began selling non-Valero fuel while displaying Valero trademarks. In so doing they misled the public as to the nature and quality of its fuel, engaged in unfair competition, and violated Valero's trademark right.

## JURISDICTION AND VENUE

16. This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§1331, 1338 and 12367 as this action arises under the trademark laws of the United States, 15 U.S.C. §1051, *et seq*.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) because Defendant US Fuel LLC is transacting and doing business within this judicial district, is committing the acts complained of herein in this judicial district, and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District. Defendant US Fuel LLC is, therefore, subject to the jurisdiction of this District.

18. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) because Defendant Silverguard, LLC is or was transacting and doing business within this judicial district, is or was committing the acts complained of herein in this judicial district, and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District. Defendant Silverguard, LLC is, therefore, subject to the jurisdiction of this District.

19. This Court has personal jurisdiction over Defendant US Fuel LLC because Defendant and/or it predecessor in ownership of the property located at 902 N. Buerkle Street, Stuttgart, Arkansas, has been conducting continuous and systematic business within the state of Arkansas and within the boundaries of this District by promoting, advertising, offering for sale, and selling non-Valero goods and services while

displaying Valero service marks. Defendants have caused harm and committed the unlawful acts complained of herein in this District, and Valero has suffered harm in this District as a result of Defendants illegal and violative actions.

**FACTUAL BACKGROUND**

A. Valero and its Service Marks

20. Valero Marketing and Supply is a company that manufactures and markets transportation fuels, petrochemical products, and power. It includes gasoline, diesel, and jet fuel, alongside renewable fuels such as ethanol and renewable diesel. The company also produces petrochemical feedstocks, lubricants, and other refined products. Valero has established itself as a provider of premiere transportation fuels and the Valero symbol has become synonymous with quality transportation fuels.

21. Valero invested time, effort, and resources into researching and choosing a trademark upon which the Company's brand was built.

22. The Valero trademark is owned and maintained by Valero Marketing and Supply Company, which manages the brand's various applications and registrations. The trademark is a significant aspect of Valero's branding strategy and is crucial for protecting the Company's identity and ensuring that its products are and continue to be recognized and trusted by consumers.

23. Valero has been and continues to be the sole owner and proprietor of all rights in US Trademark Registration No. 97311259 for VALERO, US Registration No.

97406799 for a stylized "V" design, US Registration No. 78401852 for a stylized "V" design, US Registration No. 78225654 for a stylized "V and VALERO" design, and US Registration No. 78465820 for the stylized VALERO sign design, among other US trademark registrations (hereinafter the "Valero Marks").

24. 902 N. Buerkle is a fuel station that was until recently owned by Silver Guard LLC and/or Everlast LLC and is now owned by US Fuel LLC and/or Singh.

25. Naveen Sulaiman Hudda aka Sulaiman S. Hudda ("Hudda") was the registered agent for Silver Guard LLC and Everlast LLC.

26. Upon information and belief Hudda is also an owner of Silver Guard LLC and/or Everlast, LLC.

27. The fuel station located at 902 N. Buerkle was formerly supplied with motor fuels pursuant to a Branded Distributor Marketing Agreement ("DMA") with Valero.

28. As part of the DMA, the fuel station operator at 902 Buerkle bought Valero fuel, obtained the right to advertise that it had Valero fuel, and Valero provided 902 N. Buerkle with Valero signage bearing Valero trademarks.

29. The DMA by which Valero supplied fuel to 902 N. Buerkle ended in early 2025.

30. Following the ending of the DMA, Defendants continued to display Valero signage and trademarks, misleading the public that the property was a property that operated under Valero standards and falsely indicating to the public that the fuel being sold at 902 N. Buerkle was Valero fuel.

31. Demand was made by Valero Marketing and Supply Company as well as through counsel acting on behalf of Valero, on or about September 22, 2025, via email and certified letter, to Hudda, individually and as registered agent for Silverguard LLC and/or Everlast LLC, to cease operating under the Valero name and to allow Valero, at its own cost, to come onto the property to remove its signs and paint over the Valero logos and other Valero marks.

32. Email correspondence occurred between counsel for Valero and Defendant Hudda on or about October 17, 2025, at which time Hudda indicated Valero marks had been removed from its fuel station properties. However, when asked about the property located at 902 N. Buerkle, Hudda indicated the property was not owned by Silverguard, LLC or Everlast, LLC.

33. A recent review of Arkansas county property assessor records indicate a transfer of 902 N. Buerkle to US Fuel LLC on or about October 17, 2025.

34. No copy of the deed to the property was available from the registrar's office.

35. The property presently appears to now be owned by US Fuels LLC.

36. On March 18, 2026, Notice was sent to Harpreet Singh as registered agent for US Fuel LLC directing US Fuel LLC to cease use of Valero marks at the 902 N. Buerkle location and requesting that Valero, at its own expense, be allowed to entered the 902 N. Buerkle property and remove Valero's trademarked property and paint over at any non-removable Valero marks previously painted on the 902 N. Buerkle property.

37. Valero has continuously used the Valero marks as a trademark for its fuel and has at all times material hereto vigorously maintained and defended its trademarks.

38. The Valero marks are synonymous with high quality Valero fuel and have achieved incontestable status and are valid and subsisting and were valid and subsisting at all times affected the matters complained of herein and constitute *prima facie* or conclusive evidence of Valero's exclusive right to use the Valero marks and designs in commerce in connection with the specified goods and services.

39. As a result of its hard-earned reputation for providing the highest quality Top Tier certified fuel, Valero fuel designated by Valero Marks have become widely known and respected through the United States and the world for its Top Tier certification and the fact that its fuel meets or exceed Top Tier Detergent Additive certification requirements. The public has come to identify Valero as the source of the quality fuel associated with Valero Marks.

**COUNT I**
**(15 U.S.C. § 1114 – Federal Trademark Infringement)**

40. Valero repeats and incorporates by reference the allegations as set forth in Paragraph 1 -39, inclusive, as if fully set forth herein.

41. This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. §1051 *et seq.*, and particularly under 15 U.S.C. § 1114(1) for infringement of a registered trademark.

42. As set forth previously Valero has been and continues to be the sole owner and proprietor of all rights in US Trademark Registration No. 97311259 for VALERO, US Registration No. 97406799 for a stylized "V" design, US Registration No. 78401852 for a stylized "V" design, US Registration No. 78225654 for a stylized "V and VALERO" design, and US Registration No. 78465820 for the stylized VALERO sign design, among other US trademark registrations (also referred to herein as the "Valero Marks").

43. Defendant(s) have been notified that their use of the Valero trademarks is unauthorized.

44. Defendant(s) have continued to use the Valero trademarks on its properties while selling fuel that is not Valero fuel.

45. Defendant(s) use of the Valero trademarks in connection with the sale of fuels that is not Valero fuel is likely to cause confusion, mistake, and deception in public purchasers of fuel.

46. The activities of Defendant(s) complained of herein constitute willful and intentional infringement of Valero trademark registrations.

47. Defendant(s) wrongful use of the Valero trademarks are knowing, deliberate, and willful. Defendant(s) knowing, deliberate, and willful acts include, without limitation, Defendant(s) continued use of Valero trademarks despite actual notice that such use infringes Valero's rights.

48. Such activities are likely to deceive and confuse the public and they result in unfair benefit to the Defendant(s) by allowing Defendant(s) to unfairly and unlawfully benefit from the Valero name, trademark, and reputation for superior quality fuel.

49. Defendant(s) wrongful use of the Valero trademark, while selling fuel that is not Valero fuel, also harms Valero's reputation when the public discovers that it purchased fuel thinking it was Valero fuel that has attained the superior quality Top Tier certification maintained by Valero and receives fuel that does not have the superior quality Top Tier certification.

50. Defendant(s) have caused, are causing, and unless enjoined, will continue to cause irreparable harm and damage to Valero and its business, reputation, and

goodwill, and has caused Valero to suffer monetary damages in an amount to be determined.

51. Valero is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant(s)' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

**COUNT II**
**(15 U.S.C. § 1125 – Federal Unfair Competition)**

52. Valero repeats and incorporated by reference the allegations set forth in Paragraphs 1-51, inclusive, as if fully set forth herein.

53. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 *et seq*., and particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce of false designations of origin, false descriptions, and false representations.

54. Upon information and belief, Defendant(s) have used and continue to use the Valero trademarks with the express intent to cause confusion and mistake, to deceive and misled the purchasing public, to trade upon the reputation of Valero and to improperly appropriate Valero's valuable trademark rights.

55. Defendant's unauthorized and infringing use of the Valero Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing

Products, and it likely to cause consumers to believe, contrary to fact, that the Infringing Products are sold, authorized, endorsed, or sponsored by Valero and live up to the quality and standards of Valero fuel or that Defendants are in some way affiliated with Valero.

56. Defendants' wrongful and infringing use of the Valero Marks is knowing, deliberate, and willful. These knowing, deliberate, and willful acts include, without limitation, Defendant's use of the Valero Marks despite actual notice that such use infringes Valero's rights.

57. Defendants' wrongful use of the Valero Marks is likely to influence purchasing decisions.

58. Defendants' unauthorized use of the Valero Marks has caused, and unless enjoined will continue to cause irreparable harm and damage to Valero and its business, reputation, and goodwill that has caused Valero and those operating under a lawful DMA to suffer monetary damages in an amount not thus far determined.

59. Valero is entitled to, among other relief, injunctive relief and an award of actual damages, disgorgement of Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. sections 1116 and 1117.

**COUNT III**
**(State Law Trademark Infringement - Ark. Code Section 4-71-216)**

60. Valero repeats and incorporates by reference the allegations set forth in paragraphs 1-59, inclusive, as if fully set forth herein.

61. This claim arises from the law of this State relating to trademark infringement, namely Ark. Code Ann. Sections 4-71-212 - 217 (2020).

62. Defendants aforesaid acts constitute infringement, imitation, and misappropriation of the Valero Marks in violation of Valero's common law trademark rights under the laws of the State of Arkansas.

63. Defendants knowing and continuing unauthorized use of the Valero Marks is likely to deceive customers as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is likely to cause consumers to believe, contrary to fact, that the Infringing Products are sold, authorized, endorsed, or sponsored by Valero or that Defendants are in some way affiliated with or sponsored by Valero.

64. Upon information and belief, Defendants intentionally appropriated and continued to appropriate the Valero Marks and the goodwill associated therewith by using the Valero Marks with the intent of misleading, causing confusion, mistake and deception as to the source of the origins, relationship, sponsorship, or association of Defendants' Infringing Products.

65. Defendant's wrongful use of the Valero Marks is knowing, deliberate, and willful. These knowing, deliberate, and willful acts include, without limitation, Defendants' continued use of the Valero Marks despite actual notice that such use infringed on Valero's rights.

66. Defendants' aforesaid accounts have caused and, unless enjoined, will continue to cause irreparable harm and damage to Valero and its business, reputation and goodwill and has caused Valero to suffer monetary damages in an amount not thus far determined.

**COUNT IV**
**Common Law Trademark Infringement and Unfair Competition**

67. Valero repeats and incorporates by reference the allegations set forth in Paragraphs 1-66, inclusive, as if fully set forth herein.

68. This claim arises under the common law of the State relating to trademark infringement and unfair competition.

69. Defendants aforesaid acts constitute infringement, imitation and misappropriation of the Valero Marks in violation of Valero's rights under the common law of the State of Arkansas.

70. Defendants unauthorized use of the Valero Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Products,

and is likely to cause consumers to believe, contrary to fact, that the Infringed Products are sold, authorized, endorsed, or sponsored by Valero or that Defendants are in some way affiliated with or sponsored by Valero.

71. Upon information and belief, Defendants intentionally appropriated the Valero Marks, and the goodwill associated therewith, by using the Valero Marks with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, or association of Defendants' Infringing Products.

72. Defendants wrongful use of the Valero Marks is knowing, deliberate, and willful. These knowing, deliberate, and willful acts, include, without limitation, Defendants' continued use of the Valero Marks despite actual notice that such use infringed Valero's rights.

73. Defendants' aforesaid acts have caused and, unless enjoined, will continue to cause irreparable harm and damage to Valero and its business, reputation, and goodwill, and has caused Valero to suffer monetary damages in an amount not thus far determined.

## PRAYER FOR RELIEF

**WHEREFORE,** Valero prays for this Court to grant the following relief:

A. Entry of a judgment against Defendants, finding that Defendants have infringed Valero's rights in the federal registered trademarks for Valero under 15 U.S.C. section 1051 et seq.

B. Preliminary and permanent injunctive relief restraining Defendants and their officers, owners, directors, partners, employees, agents, servants and attorney and those persons in active concert or participation with them from:

1. Using the Valero Marks or any colorable imitation thereof in connection with the offering, selling, advertising, or promoting the sale of any goods or services or from otherwise using the Valero Marks or any marks confusingly similar thereto;

2. Infringing the Valero Marks;

3. Unfairly Competing with Valero authorized dealers who purchase and are properly displaying Valero Marks;

4. Using in connection with the sale of any goods or services or to the dissemination or distribution of advertising, promotional or marketing materials, a false or misleading description or representation including words or other symbols tending to deceive, misled, or cause confusion with Valero or Valero Marks;

C. Disgorgement of all profits resulting from Defendants' infringing activities and unfair competition and that such an award of profits be trebled as provided for

under 15 U.S.C. Section 1117, due to Defendants' willful and intentional violation of Valero's rights under the Lanham Act;

D. An award of all monetary damages sustained by Valero resulting from Defendants' infringing activities and unfair competition.

E. An award of the costs and reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117; and,

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

SHUTTLEWORTH PLLC

*s/Michael G. Derrick*
Michael G. Derrick (TN BPR 14820)
mderrick@swlawpllc.com
6077 Primacy Parkway, Suite 200
Memphis, Tennessee 38119

*Attorneys for Valero Marketing and Supply Co.*